1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9    SHELLEY ALLISON,

10            Plaintiff,                        No. C 14-04813  JSW

11       v.

12   XAVIER SHABAZZ, ET AL.,              **ORDER RE MOTIONS TO DISMISS
                                          SECOND AMENDED COMPLAINT
13                                        AND MOTION TO APPOINT GUARDIAN**

              Defendants.
14

15   _____/

16       Now before the Court are several motions: (1) Plaintiff Shelley Allison ("Plaintiff")'s motion

17   for appointment of Connie Valentine as guardian *ad litem* for her two minor children; (2) the motion

18   to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendants

19   Xavier Shabazz, Emily Amott, Donald Patchin, and Contra Costa County ("County Defendants");

20   and, (3) the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by

21   Defendants Judicial Council, Contra Costa County Superior Court, and the State of California

22   ("State Defendants").  Having carefully reviewed the parties' papers, relevant legal authority, and

23   the record in this case, the Court hereby GRANTS Defendants' motions to dismiss without leave to

24   amend and finds as moot Plaintiff's application for appointment of guardian *ad litem*.

25       The Court has previously permitted amendment of the complaint to address the arguments in

26   the County Defendants' motion to dismiss the First Amended Complaint on many of the same

27   grounds present in their current motion.  Having allowed for three amendments of the complaint and

28   having outlined the specific concerns the Court had with Plaintiff's theory of the case, the Court now

1 finds the matter should be dismissed without leave to amend.

2 **BACKGROUND**

3     This case arises from a family law action in Superior Court of Contra Costa County.  In that

4 action, on August 10, 2011, Plaintiff's ex-husband and father of her two minor daughters was

5 granted sole legal and physical custody of the children, despite Plaintiff's contentions that he had

6 physically and sexually abused the children.  Plaintiff brings this action in federal court alleging that

7 various parties conspired to deprive her custody of her two children.

8     On October 29, 2014, Plaintiff, on behalf of herself and as guardian for her two minor

9 daughters, filed a complaint in this Court alleging seven self-styled causes of action for: (1)

10 conspiracy to deny access to court, to family rights, to bodily and emotional integrity, and to equal

11 protection - based on status of female protective parent and abused children - 42 U.S.C. § 1983 -

12 First Amendment and Fourteenth Amendment - Due Process and Equal Protection Clauses - applies

13 to Plaintiff, her children, and to Shabazz, Amott, Patchin, Doe 1 - unnamed Contra Costa Child

14 Protective Services worker, and Does 2-10; (2) conspiracy to injury rights of party in state court, 42

15 U.S.C. § 1985(2) - state clause - denial of equal protection and denial of family rights and

16 companionship - applies to Shabazz and Lawrence and Does 2-10; (3) conspiracy to deprive

17 Plaintiff and her children of equal protection of the law and hinder authorities from providing equal

18 protection of the laws, 42 U.S.C. § 1985(3) - applies to Defendants Shabazz, Lawrence, Amott, and

19 Patchin, Doe 1, Does 2-10; (4) *Monell* violation - applies to Defendant; (5) Bane Act, California

20 Civil Code § 52.1 - interference with exercise of federal civil rights under First and Fourteenth

21 Amendments - applies to Plaintiff and her children and to Defendants Lawrence and Adair; (6)

22 negligence per se - applies to Allison and her two daughters and to Defendants Shabazz, Amott,

23 Patchin, Doe 1, and Does 2-10.

24     On January 21, 2015, Plaintiff filed an *ex parte* application for appointment of guardian *ad*

25 *litem*.

26     On April 17, 2015, the County Defendants filed a motion to dismiss and on May 8, 2015,

27 attorney Lawrence filed a motion to dismiss.  Both motions were set for hearing on June 19, 2015.

28 Plaintiff failed to oppose either motion and instead filed a First Amended Complaint on June 9,

2015.  Lawrence filed objections to the late filing of an amended complaint.

In her First Amended Complaint, Plaintiff, again on her own behalf and as guardian for her two minor daughters, alleged six self-styled causes of action for: (1) conspiracy to deny access to court, to family rights, to bodily and emotional integrity, and to equal protection - based on status of female protective parent and abused children - 42 U.S.C. Section 1983 - First Amendment and Fourteenth Amendment - Due Process and Equal Protection Clauses - applies to Plaintiff, her children, and to Shabazz, Amott, Patchin, Doe 1 - unnamed unknown Contra Costa Child Protective Services worker, and Does 2-10; (2) conspiracy to injure party in state court - 42 U.S.C. Section 1985(2) - state clause - denial of equal protection and denial of family rights and companionship - applies to Plaintiff and the daughters and to Shabazz and Lawrence and Does 2-10; (3) conspiracy to deprive Plaintiff and her children of equal protection of the law and to hinder authorities from providing equal protection of the laws, 42 U.S.C. Section 1985(3) - applies to Plaintiff and the daughters and to Defendants Shabazz, Lawrence, Amott, and Patchin, Doe1, Does 2-10; (4) *Monell* violation - applies to Plaintiff and the daughters and to County; (5) negligence per se - applies to Allison and her two daughters and to Defendants Shabazz, Amott, Patchin, Doe 1, and Does 2-10; and (6) gender discrimination by recipients of federal funds - declaratory and injunctive relief and damages - applies to Judicial Council, County, Court and California - Violence Against Women Reauthorization ("VAWA"), 42 U.S.C. Section 12395(b); Juvenile Justice Act, 42 U.S.C. Section 5501, *et seq.*

On June 26, 2015, this Court granted County Defendants' motion to dismiss with leave to amend and Lawrence's motion to dismiss without leave.[1]  The Court also denied Plaintiff's application to appoint herself as the guardian *ad litem* for her two minor children.  Having found her First Amended Complaint did not adequately address the legal defects of her original pleading, the Court granted Plaintiff leave to file a second amended complaint addressing the specific concerns outlined in the Court's order.

---

[1]  Although the Second Amended Complaint still makes mention of Defendant Judith Lawrence, she has been dismissed from the lawsuit, without leave to amend.  (*See, e.g.,* Second Amended Complaint, Third Cause of Action.)

1    In her Second Amended Complaint, Plaintiff, again on her own behalf and on behalf of her

2    two minor daughters, alleges six self-styled causes of action for: (1) conspiracy to deny access to

3    court, to family rights, to bodily and emotional integrity, to equal protection - based on status of

4    female protective parent and abused children - 42 U.S.C. section 1983 - First Amendment and

5    Fourteenth Amendment - Due Process and Equal Protection Clauses; (2) conspiracy to injure rights

6    of party in state court, 42 U.S.C. section 1985(2) state clause - denial of equal protection; (3)

7    conspiracy to deprive plaintiff and her children of equal protection of the law and to hinder

8    authorities from providing equal protection of the laws. 42 U.S.C. sec. 1985(3); (4) *Monell* violation;

9    (5) negligence per se: failure to carry out mandatory statutory duties; and (6) gender discrimination

10   by recipients and disbursers of federal funds.

11   On October 28, 2015, Plaintiff filed an application to appoint Connie Valentine as guardian

12   *ad litem* for her minor children.

13   The Court shall address additional facts in the remainder of the order.

14                                                  **ANALYSIS**

15   **A.   Applicable Legal Standard on Motion to Dismiss.**

16   When a defendant moves to dismiss a complaint or claim for lack of subject matter

17   jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the

18   claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A

19   motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or

20   factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack on

21   the jurisdiction occurs when factual allegations of the complaint are taken as true. *Fed'n of African

22   Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). The plaintiff is then

23   entitled to have those facts construed in the light most favorable to him or her. *Id.*

24   A factual attack on subject matter jurisdiction occurs when defendants challenge the actual

25   lack of jurisdiction with affidavits or other evidence. *Thornhill*, 594 F.2d at 733. In a factual attack,

26   plaintiff is not entitled to any presumptions or truthfulness with respect to the allegations in the

27   complaint, and instead must present evidence to establish subject matter jurisdiction. *Id.*

28   A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

complaint fails to state a claim upon which relief can be granted.  The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).   Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss.  In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.      Application for Appointment of Guardian *Ad Litem*.**

A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*.  "The court must appoint a guardian *ad litem* – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

State law should be applied to determine capacity to sue.  In California, a minor must be

1    represented by a guardian *ad litem* in court proceedings.  Cal. Code Civ. Proc. § 372(a).  If the minor

2    is a plaintiff in a cause of action then a guardian *ad litem* must be appointed before issuance of the

3    summons.  Cal. Code Civ. Proc. § 373(a).

4         "A court has broad discretion in ruling on a guardian *ad litem* application."  *Williams v.*

5    *Superior Court of San Diego,* 147 Cal. App. 4th 36, 47 (2007) (citing *In re Emily R.*, 80 Cal. App.

6    4th 1344, 1356 (2000)).  When there is no conflict of interest, the guardian *ad litem* appointment is

7    usually made on *ex parte* application and involves minimal exercise of discretion by the trial court.

8    *In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1149 (1994).

9         The guardian *ad litem*'s main focus is the best interests of the minor.  *Briggs v. Briggs*, 160

10   Cal. App. 2d 312, 319 (1958).  The guardian *ad litem* is an officer of the court with the right to

11   control the minor's litigation.  *De Los Santos v. Superior Court of Los Angeles*, 27 Cal. 3d 677, 683-

12   84 (1980).  "The guardian *ad litem*'s role is more than an attorney's but less than a party's."  *In re*

13   *Josiah Z.*, 36 Cal. 4th 664, 678 (2005).  When choosing a guardian *ad litem* for a civil lawsuit, the

14   most important issue is protection of the minor's interest in the litigation.  *Williams*, 147 Cal. App.

15   4th at 47.

16        The Court previously denied Plaintiff's application to be the children's guardian on the basis

17   that Plaintiff's interest and the children's interest may diverge.  Absent a legal guardian, the two

18   minor children lack capacity to sue.  If no guardian *ad litem* is appointed, the claims on their behalf

19   must be dismissed.  *See* Cal. Code Civ. Proc. § 373(a).  In more recent filings, Plaintiff seeks the

20   appointment of Connie Valentine as the children's guardian.  Valentine is "a co-founder of

21   California Protective Parent Association, a non-profit organization dedicated to assisting non

22   offending parent and their abused children in family court through education, research and

23   advocacy."  (Declaration of Connie Valentine ¶ 6.)

24        Although the Court is concerned that Valentine may have the Plaintiff's but not necessarily

25   the children's best interest in mind, because the Court finds that the substance of the third iteration

26   of the claims do not survive the pending motions to dismiss, the Court need not rule on the

27   application for guardian *ad litem*.

28   ///

**C.      Contra Costa County's Motion to Dismiss.**

      **1.      *Rooker-Feldman* Doctrine Bars Claims.**

Once again, the Court finds that Plaintiff's claims are barred under the *Rooker-Feldman* doctrine, which provides that district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings.  *See, e.g., District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 487-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995).  "The purpose of the doctrine is to protect state judgments from collateral federal attack.  Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'"  *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16).  In addition, where "the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented are inextricably intertwined."  *Id.* (citations omitted).  "If constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application [for relief], then the District Court is in essence being called upon to review the state court decision.  This the District Court may not do."  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citations omitted).

Notwithstanding Plaintiff's assertions to the contrary, the facts set forth in support of her claims and the relief she seeks demonstrate that the issues are inextricably intertwined with state court decision regarding custody.  In effect, Plaintiff seeks review and reversal of the state court decision.

Although the Court believes it lacks jurisdiction, however, it recognizes the Ninth Circuit has narrowly construed the *Rooker-Feldman* doctrine.  Even if the Court were to have jurisdiction over Plaintiff's claims, it would still dismiss the second amended complaint for failure to state a claim upon which relief may be granted.

      **2.      Statute of Limitations Bars Constitutional Claims.**

The County Defendants contend that the statute of limitations bars Plaintiff's claims for violations of the Constitution.  A claim under Section 1983 must be brought within two years after

the cause of action accrued, *i.e.* when Plaintiff knew or had reason to know of the alleged injury that forms the basis of the claim. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007). The state court decision following the custody trial is dated August 10, 2011 and the current lawsuit was originally filed October 29, 2014. Accordingly, the passing of the statute of limitations would bar the claim.

Plaintiff argues that the statute of limitations should be tolled until discovery of the claims because she was denied access to several reports until December 2013 that may have changed the outcome of the state court proceeding. In her amended complaint, Plaintiff alludes to material discovered in March 2014. (*See* Second Amended Complaint ¶¶ 74, 134.) Specifically, Plaintiff alleges that despite efforts to gather materials at the time, she was only able to discover that Shabazz allegedly ordered deputies not to interview her ex-husband about the allegations of abuse. However, the Court finds that the amended complaint fails to allege sufficient facts to permit application of the discovery rule to suspend application of the statute of limitations for Plaintiff's constitutional claims. It is clear from the record that Plaintiff felt she had sufficient information to file and, in fact in September 2011, Plaintiff did file a citizen complaint against Shabazz alleging that he lied and did not follow proper procedures during his investigation. (*See* Request for Judicial Notice, Ex. D at 3.) Accordingly, because Plaintiff had suspicion of the wrongdoing she alleged, the limitations period had begun. *See Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110-11 (1988) (holding that the limitations period "begins once the plaintiff has notice or information of circumstances to put a reasonable person on inquiry. . . . A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her.")

Plaintiff's contentions to the contrary, that she attempted to retrieve the relevant records and was stymied, does not change the Court's conclusion that she was on inquiry notice of the basis of her allegations. Accordingly, the Court does not toll the statute of limitations based on the discovery rule and finds Plaintiff's claims are time-barred. However, notwithstanding the fact that the claims

1  are barred by both the *Rooker-Feldman* doctrine and the passing of the statute of limitations, the

2  Court addresses the merits of the claims.

3  **3.      Failure to State a Claim for Violation of Section 1983.**

4  Plaintiff alleges that the County Defendants violated her rights under the First and Fourteenth

5  Amendments to the United States Constitution in violation of 42 U.S.C. Section 1983 ("Section

6  1983").  Section 1983 "provides a cause of action for the 'deprivation of any rights,

7  privileges, or immunities secured by the Constitution and laws' of the United States."  *Wilder v.*

8  *Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  In order to prevail on

9  her Section 1983 action, Plaintiff must show that (1) Defendants acted under color of state law and

10  (2) Defendants deprived her of a right secured by the Constitution.  *Adickes v. S.H. Kress & Co.*, 398

11  U.S. 144, 150 (1970).

12  Plaintiff alleges that the County Defendants violated her own and her children's rights to

13  access to the courts guaranteed by the First and the Fourteenth Amendments.  However, according to

14  the allegations in the original and amended complaints, Plaintiff was not deprived an opportunity to

15  litigate her case.  Rather, Plaintiff had a full trial before the state court judge and a trial on the merits

16  before the family court.  To the extent Plaintiff contends the court process was unfair, the Court

17  addresses such claims as violations of the rights to equal protection and due process.

18  In general, in order to state an equal protection violation, a plaintiff must allege (1)

19  discrimination on account of his or her membership in a distinct group or class (2) by the State.

20  *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 607 (2008).  Plaintiff also must allege

21  that the state actor acted with an intent or purpose to discriminate against her based upon her

22  membership in a protected class.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001),

23  *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir.

24  2002).  In this regard, Plaintiff claims that as a female protective parent or her children as alleged

25  victims of domestic violence, Plaintiffs fall within a protected class.  However, female protective

26  parents are not considered a protected class.  *See, e.g, Borlawsky v. Town of Windham*, 115 F. Supp.

27  2d 27, 29 (D. Maine 2000) (holding that divorced or otherwise single parents are not a protected

28  class); *see also Fox v. County of Tulare*, 2014 WL 3687735, at *13 (E.D. Cal. July 24, 2014)

1   (holding that classification of a single parent of either gender in a custody dispute does not qualify

2   the parent as a member of a protected class).  Alleged victims of domestic violence are similarly not

3   recognized as a protected class for constitutional analysis.  *See Fotinos v. Fotinos*, 2013 WL

4   1195644, at *4 (N.D. Cal. March 22, 2013).  Thus, Plaintiff's allegations are insufficient to state a

5   claim for a violation of equal protection, for herself or on behalf on her children.

6          Plaintiff also alleges that the County Defendants violated her due process rights.  Procedural

7   due process provides "a guarantee of fair procedure in connection with any deprivation of life,

8   liberty, or property" by the government.  *Collins v. City of Harker Heights*, 503 U.S. 115, 125

9   (1992).  "A section 1983 claim based upon procedural due process . . . has three elements: (1) a

10  liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the

11  government; (3) lack of process."  *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.

12  1993).

13         The Court finds that Plaintiff has again, in the third iteration of her complaint, failed to allege

14  sufficient facts demonstrating that Defendants violated her due process rights.  Although the Court

15  instructed Plaintiff to be clear whether she intends to assert a procedural due process claim or a

16  substantive due process claim, it is still unclear what liberty or property interest which she alleges

17  she was deprived and what specific process she alleges that she did not receive.  The state court

18  heard the family custody matter and considered the testimony of witnesses, the arguments of the

19  parties, and the content of relevant documents.  (RJN, Ex. A.)  Plaintiff was afforded sufficient

20  notice and an opportunity to be heard.  There are insufficient facts alleged in the complaint and

21  based on the noticeable record in this matter to find that Plaintiff has established a claim for

22  violation of procedural due process.

23         **4.      Failure to State a Claim for Conspiracy Pursuant to Section 1985.**

24         The Court also dismisses the claims under Sections 1985.  Plaintiff asserts claims under

25  Section 1985(2) and Section 1985(3).  "Section 1985(2) consists of two parts: the first proscribes

26  conspiracies to interfere with the administration of justice in federal courts; the second applies to

27  conspiracies to obstruct the course of justice in state courts."  *Dooley v. Reiss*, 736 F.2d 1392, 1395

28  (9th Cir. 1984).

To the extent Plaintiff attempts to state a claim under the second part of Section 1985(2), she fails to allege facts that show she was denied access to state courts because she or her daughters were members of a protected class. *See Portman v. County of Santa Clara*, 995 F.2d 998, 909 (9th Cir. 1993); *see also Phillips v. International Ass'n of Bridge Workers, Local 118*, 556 F.2d 939, 941 (9th Cir. 1977) (*"A cognizable claim under this statute requires an allegation of a class-based invidiously discriminatory animus."*). Plaintiff has made no allegations suggesting that any conspiracy, assuming one existed, was motivated by animus against female protective parents or victims of domestic violence. *See Portman,* 995 F.2d at 909 (holding that a plaintiff did not state a claim pursuant to Section 1985(2) because he failed to allege "that the County denied him access to state courts because he was a member of a protected class."); *see also Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 763 (9th Cir. 1991) (holding that court properly rejected Section 1985(2) claim because the plaintiff "failed to assert his membership in a protected class or any denial of equal protection"). Plaintiff fails to allege that victims of domestic violence constitute a protected class. Rather, the amended complaint appears to contest the state court decision which, Plaintiff claims, operated to deprive Plaintiff from maintaining custody of her two minor daughters.

For the same reasons, Plaintiff also fails to allege facts sufficient to state a claim under Section 1985(3). *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (a plaintiff must allege that the deprivation of the right in question was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action'"); *see also McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1992) ("'the plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights'") (quoting *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1519 (9th Cir. 1987)).

Having failed to adduce facts tending to demonstrate that the County Defendants acted out of animus against her and her children by virtue of their membership in a recognized protected class, the Court must dismiss these claims.

### 5.      Failure to State a Claim Under *Monell.*

The County Defendants move to dismiss Plaintiff's *Monell* claim against them for failure to allege facts sufficient to demonstrate the existence of an official policy or custom constituting a

1  moving force behind any purported constitutional violations.

2         Municipal liability can be imposed only for injuries inflicted pursuant to an official

3  governmental policy or custom. *See Monell v. N.Y. Dept. of Soc. Serv.*, 436 U.S. 658, 690-94

4  (1978). A county can be found liable when the execution of a county policy, whether made by its

5  lawmakers or those whose acts can be said to represent official policy or custom of the county,

6  inflicts the injury. *Id.* at 694. In order to assert a *Monell* claim, a plaintiff must plead and prove

7  facts sufficient to demonstrate: "(1) whether plaintiff's harm was caused by a constitutional

8  violation; and (2) if so, whether the [municipality] is responsible for that violation." *Collins v. City*

9  *Harker Heights*, 503 U.S. 115, 120 (1992). More specifically, to establish municipal liability, a

10  plaintiff must demonstrate that: (1) the plaintiff possessed a constitutional right of which he was

11  deprived; (2) the municipality had a policy; (3) this policy amounted to a deliberate indifference to

12  the plaintiff's constitutional rights; and (4) the policy was the moving force behind the constitutional

13  violation. *Van Ort v. Estate of Michael Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

14         Here, the County Defendants contend that there can be no *Monell* liability because Plaintiff

15  has failed to demonstrate that there was an underlying constitutional deprivation. Because, based

16  upon the allegations in the second amended complaint, the Court finds Plaintiff has failed to set out a

17  constitutional claim, there is no basis for a finding of municipal liability pursuant to *Monell* and the

18  claim is therefore dismissed.

19         **6.    Failure to State a Claim for Negligence Per Se.**

20         Plaintiff has asserted a negligence per se claim based on the contention that the individual

21  County Defendants breached a mandatory duty under California Penal Code section 11166 to

22  investigate child abuse allegations. (SAC ¶ 199.) To state a claim for negligence per se, Plaintiff

23  must allege fact establishing that: (1) defendants violated a statute, ordinance, or regulation; (2) the

24  violation caused the plaintiff's injury; (3) the injury resulted from the kind of occurrence the statute,

25  ordinance, or regulation was designed to prevent; and (4) plaintiff was a member of the class of

26  persons the statute, ordinance, or regulation was intended to protect. *See* Cal. Evid. Code § 669(a).

27         Although Plaintiff does not fall within the class of persons the statute was intended to protect

28  here, the children do fall within that class. However, pursuant to California Government Code

1  section 821.6, the individual County Defendants are granted immunity from suit for claims for

2  negligent investigations into alleged criminal conduct.  *See* Cal. Gov. Code § 821.6 ("A public

3  employee is not liable for injury caused by his instituting or prosecuting any judicial or

4  administrative proceeding within the scope of his employment, even if he acts maliciously and

5  without probable cause."); *see also Amylou v. County of Riverside*, 28 Cal. App. 4th 1205, 1209-10

6  (1994) (holding that Section 821.6 serves to bar claims for negligent investigation in addition to

7  malicious prosecution).  Accordingly, the claim for negligence per se fails as against County

8  Defendants as a matter of law and the motion to dismiss the claim is granted.

9         **7.**        **Failure to State a Claim for Gender Discrimination Claim by Recipient of**
                   **Federal Funds.**

10

11        Plaintiff's final cause of action for gender discrimination by a recipient of federal funds fails

12  as a matter of law.  Plaintiff attempts to assert a claim pursuant to 42 U.S.C. section 2000d-7 which

13  provides an avenue to avoid the immunity granted a state or state official if the state accepts federal

14  funds and the claim involves allegations of discrimination based on a protected class.  Here, the

15  County is not entitled to the same immunity and Plaintiff has attempted, but failed, to allege a direct

16  claim under Section 1983.  Regardless whether the County receives federal funding to enforce child

17  protective measures, there is no support for an allegation that the County Defendants' actions or

18  inactions were motivated by animus regarding Plaintiff's gender as the female protective parent.

19  Accordingly, the claim for gender discrimination fails as against County Defendants as a matter of

20  law and the motion to dismiss the claim is granted.

21  **D.**      **State Defendants' Motion to Dismiss.**

22        In her amended complaint, Plaintiff alleges a single cause of action against the State

23  Defendants, for gender discrimination by recipients of federal funds.  Again, the Court finds that

24  Plaintiff's claims against the State Defendants are similarly barred under the *Rooker-Feldman*

25  doctrine, which provides that district courts lack jurisdiction to review the final determinations of a

26  state court in judicial proceedings.  *See Feldman*, 460 U.S. at 487-87; *Rooker*, 263 U.S. at 415;

27  *Branson*, 62 F.3d at 291.

28        In addition, the Court finds that regardless whether the State Defendants receive federal

funding to enforce child protective measures, there is no support for an allegation that the State Defendants' actions or inactions were motivated by animus regarding Plaintiff's gender. Finally, Plaintiff has failed to allege sufficient facts or support her argument that the State Defendants have waived their Eleventh Amendment immunity under any of the predicate statutes for the enforcement of which Plaintiff alleges they have received federal funding. Accordingly, the sole claim against the State Defendants fails as a matter of law and the motion to dismiss is granted.

## CONCLUSION

The County Defendants' and the State Defendants' motions to dismiss are GRANTED without leave to amend. As there are no further remaining causes of action pending against any defendants, the Court shall issue a separate judgment and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 23, 2016

_____
JEFFREY S. WHITE
United States District Judge